PROVOSTY, J.
Sentenced to prison by a court-martial organized under Act 191 of 1912, the relator applied to the criminal district court, parish of Orleans, for a habeas corpus to the criminal sheriff, and the writ was issued.
The sheriff, in his return upon the writ, took the position that said court had no authority to issue the writ of habeas corpus, except in aid of its appellate jurisdiction, and that the present case was not one of that character; and the judge sustained him, and dismissed the relator’s application.
The question turns upon the interpretation to be placed upon article 139 of the Constitution, which reads:
“The criminal district court * * * shall have general and supervisory jurisdiction over all inferior state and municipal criminal courts in the parish of Orleans, and shall have authority to issue writs of habeas corpus, in criminal and quasi criminal cases, and such other writs and orders as may be necessary or proper in aid of the jurisdiction conferred upon it. * * * ”
The same court recently, in a similar court-martial case, issued the writ; and this court found no fault with that course. State ex rel. Lanng v. Criminal Sheriff,[1] No. 20705 of the docket of this court. True, the question of the jurisdiction was not raised in that case, and hence the case is not decisive ; still it is more or less a precedent.
The judges of the Court of Appeal and the judges of the district courts throughout the state, including the parish of Orleans, are given plenary authority to issue this writ (articles 104 and 115, Const.); and no good reason can he assigned why the like plenary jurisdiction should have been withheld from the criminal district court in criminal cases.
The said article 139 is susceptible of the reading by which the clause conferring upon the criminal district court authority to issue the writ of habeas corpus would not be qualified by the phrase “in aid of its appellate jurisdiction”; and we think, all things considered, that the intention was that it should be so read. It is entirely improbable that the framers of the Constitution intended that the Court of Appeal and the civil district court, which have jurisdiction only in civil cases, should be the proper courts to issue this writ in a criminal case.
The judgment complained of herein is therefore set aside, and Hon. Prank D. Chretien, judge of the criminal district court of the parish of Orleans, section B, is hereby directed to proceed to the trial of the said writ of habeas corpus on its merits.

 136 La. 1, 66 South. 377.